# ARNEY v. GLENN et al.
# GLENN v. BAILEY.—240 S. W. (2d) 257.

Middle Section.   March 2, 1951.

Petition for Certiorari denied by Supreme Court, May 12, 1951.

C. E. Haston, of McMinnville, for plaintiff Arney.

Morford W. Locke, of McMinnville, for plaintiff Glenn.

W. G. McDonough, of McMinnville, for L. E. Bailey.

HOWELL, J. These two cases tried together before the Circuit Judge without a jury, grew out of a collision in which three vehicles, two trucks and a passenger car, were involved and which occurred on North Chancery Street in McMinnville, Warren County, Tennessee. Judgments were rendered in favor of Crit Arney against L. E. Bailey for $400, and in favor of Paul Glenn and against L. E. Bailey for $50, and the costs.

By proper procedure the defendant L. E. Bailey has perfected an appeal in error to this Court and has assigned errors.

It is insisted for the defendant that the evidence preponderates against the judgment.

Section 10622 of the Code provides: "In all cases taken by appeal or otherwise to the court of appeals from any lower court, the hearing in said appellate court shall be de novo, upon the record from the court below when the hearing in the lower court was without a jury, but there shall always be a presumption in the appellate court as to the correctness of the judgment or decree of the lower court, unless the evidence preponderates against the judgment or decree."

There was ample evidence to support the following facts:

The plaintiff Paul Glenn was driving his Plymouth passenger car Southwardly on North Chancery Street and on his right side of the street in the morning and in daylight, when a panel truck belonging to the defendant L. E. Bailey and driven by his son Billy Bailey, which had been running in front of him stopped in the street opposite the intersection with Donnell Street, without giving any signal or warning by hand or by rear red signal light of the intention of the driver to do so. Glenn's car ran into the left end of the rear bumper on the Bailey truck and glanced to the left where it struck a truck belonging to the plaintiff Crit Arney and being driven by his son Bill Arney, on its left front part, and which was approaching on its right side of the street and proceeding in the opposite direction. As a result of the collisions both the Glenn car and the Arney truck sustained the damages complained of.

The defendant's car was not equipped with a proper warning or signal light and no hand warning was given by the driver of defendant's truck as to his intention to stop.

Several witnesses testified for the plaintiffs as to how the accident happened and as to the damages to the passenger car and the Arney truck.

Bill Bailey who was driving the defendant's truck was not available as a witness and the only testimony offered by the defendant was that of the defendant himself in which he explained that his son was out of the State and that he was the owner of the truck which was being driven by his son with his permission at the time of the accident.

We find therefore that the evidence does not preponderate against the judgment of the trial Judge.

It is insisted for the defendant that the negligence of the driver of the Glenn car was the proximate cause of the accident and the judgments are excessive.

The trial Judge was in a much better position to determine the facts and the question of the amount of the damages than is this Court with only statements of the testimony in narrative form and without observing the witnesses and hearing them testify, and he could more accurately determine whether or not the negligence of the driver of the Glenn car was the proximate cause of the accident and also the amount of the damages sustained by the plaintiffs.

The evidence justifies the conclusion that the conduct of the driver of the defendant's truck in stopping his truck in the street without any warning of any kind was the proximate cause of the accident. The truck of the defendant should have been equipped with a stop light and the driver should have signalled a warning.

Section 2695, subd. A(b) of the Code is as follows: ". . . Provided, further, that every motor vehicle shall be equipped with one red tail lamp on the rear of such vehicle and one red or amber stop light on the rear of such vehicle. The stop light shall be so arranged as to be actuated by the application of the service or foot brakes and shall be capable of being seen and distinguished from a distance of one hundred (100) feet to the rear of a motor vehicle in normal daylight but shall not project a glaring or dazzling light. The stop light may be incorporated with the tail lamp."

It results that the assignments of error are overruled and the judgments of the Circuit Court are affirmed.

Judgments will be entered here in favor of Crit Arney and against the defendant L. E. Bailey for $400 and in

favor of Paul Glenn, and against L. E. Bailey for $50, both with interest from the date of the judgments in the Circuit Court, and the costs of the cases.

Affirmed and judgment rendered.

Hickerson, J., and Kizer, Sp. J., concur.